IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD ROBERTS,
    Petitioner,

vs.                                Case No. 3:08cv245/LAC/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## **ORDER**

        This matter is before the court on Petitioner's petition for writ of habeas corpus captioned for the Circuit Court in and for Santa Rosa County, Florida (Doc. 1). Initially, the court notes that the document is deficient in two significant respects. First, it is not properly captioned for this court. Second, it is not submitted on the court-approved form, as required by Rule 5.1(J) of the Local Rules of the Northern District of Florida. The Local Rules provide that the petition may not be considered by the court unless it is filed on the court-approved form.

        Additionally, it is unclear whether Petitioner intended to file a habeas action in federal court. As previously noted, the instant petition is captioned for the Circuit Court for Santa Rosa County, Florida, and Petitioner cites the Florida Constitution and state procedural rules as the jurisdictional basis for his petition (Doc. 1 at 1). Additionally, the certificate of service signed by Petitioner indicates that the petition was prepared and served upon the State Attorney General over one year ago, on May 6, 2007, when Petitioner was incarcerated at Santa Rosa Correctional Facility (*id*. at 8). The online docket for the Santa Rosa Clerk's Office confirms that Richard Roberts filed a habeas petition in that court on May 15, 2007, Case No. 07000514CA, and an order denying the petition was entered by the state court on December 20, 2007. *See* http://www2.myfloridacounty.com/ ccm/?county=57 (Case Search for Year "2007" Sequence "514"

Court Type "Circuit Civil"). It thus appears that the instant petition was already filed by Petitioner in the court in which he intended. Finally, it is appears that the instant petition was not actually submitted by Petitioner. The petition was accompanied by a request from Oswaldo and Myriam Perez that all information regarding Petitioner be sent to their home in Tampa, Florida (*see* Doc. 1, attached statement from Oswaldo and Myriam Perez). The postmark on the envelope in which the petition was mailed confirms that it was posted in Tampa, Florida. Other attachments to the petition indicate that Petitioner suffered a stroke and is in critical condition in an intensive care unit of a hospital, apparently unable to speak, move, or recognize people (*see* Doc. 1, attached statements by Charlie Vicens and Gloria Eagan). The Florida Department of Corrections website confirms that Petitioner was released on conditional release supervision on January 1, 2008. *See* http://www.dc.state.fl.us/InmateInfo/InmateInfoMenu.asp (search "All Corrections Offender Databases" for DC Number "098865"). Additionally, the docket of the Santa Rosa County habeas case indicates that correspondence was received in that case on June 12, 2008, the same date that the instant petition was received in this court; thus, it appears that someone is attempting to obtain relief on Mr. Roberts' behalf in both state and federal court.

Oswaldo and Myriam Perez are hereby advised that, with rare exception, non-attorneys are not permitted to represent others in a legal capacity, and the exceptions to this rule are limited in scope. *See generally* Wolff v. McDonnell, 418 U.S. 539, 577–80, 94 S. Ct. 2963, 2985-86, 41 L. Ed. 2d 935 (1974); Guajardo v. Luna, 432 F.2d 1324, 1325 (5th Cir. 1970); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982). Relevant to the use of "next friends" in habeas corpus cases, the United States Supreme Court has stated:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Morgan v. Potter, 157 U.S. 195, 198, 15 S. Ct. 590, 591 30 L. Ed. 670 (1895); Nash ex rel. Hashimoto v. MacArthur, 87 U.S. App. D.C., 268–270, 184 F.2d 606, 607-608 (1950), *cert. denied*, 342 U.S. 838, 72 S. Ct. 64, 96 L. Ed. 634 (1951). Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot

> appear on his own behalf to prosecute the action.  Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. pending*, No. 89–81; Smith ex rel. Missouri Public Defender Comm'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir.), *cert. denied*, 483 U.S. 1033 (1987), 107 S. Ct. 3277, 97 L. Ed. 2d 781 (1987); Weber v. Garza, 570 F.2d 511, 513–514 (5th Cir. 1978).  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, *see e.g.*, Morris v. United States, 399 F. Supp. 720, 722 (E.D. Va. 1975), and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.  Davis v. Austin, 492 F. Supp. 273, 275–276 (N.D. Ga. 1980) (minister and first cousin of prisoner denied "next friend" standing).  The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.  Smith, *supra*, at 1053; Groseclose ex rel. Harries v. Dutton, 594 F. Supp. 949, 952 (M.D. Tenn. 1984).
> . . . .
> Indeed, if there were no restriction on "next friend" standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

Whitmore v. Arkansas, 495 U.S. 149, 163–64, 110 S. Ct. 1717, 1727–28, 109 L. Ed. 2d 135 (1990); *see also* Sanchez-Velasco v. Sec'y of Dep't of Corrections, 287 F.3d 1015, 1025 (11th Cir. 2002); Lonchar v. Zant, 978 F.2d 637, 641–42 (11th Cir. 1992).

In the instant case, it is unclear whether Oswaldo or Myriam Perez intends to proceed as "next friend" on Petitioner's behalf.  Neither of them signed the petition, and neither of them paid the filing fee or submitted a motion to proceed in forma pauerpis.  Furthermore, the attachments to the petition do not indicate that either of the two prongs of the test outlined in Whitmore has been met.  To satisfy the first prong, the person wishing to proceed as "next friend" must submit some proof that Petitioner is incompetent or similarly unable to proceed on his own accord.  An analysis of competency

> involves a determination of (1) whether that person suffers from a mental disease, disorder, or defect; (2) whether a mental disease, disorder, or defect prevents that person from understanding his legal position and the options available to him; and (3) whether a mental disease, disorder, or defect prevents that person from making a rational choice among his options.

Lonchar, 978 F.2d at 641–42.  Additionally, the person wishing to proceed as "next friend" must submit some proof of a significant relationship with Petitioner, for example, an affidavit stating the nature and duration of their relationship, and the availability of a family member to proceed on

Petitioner's behalf.

If Oswaldo or Myriam Perez wishes to proceed in a "next friend" capacity on behalf of Petitioner, he or she must file a federal habeas petition on the court-approved form. The petition shall include an adequate explanation as to why Petitioner cannot appear on his own behalf and verification of a significant relationship between Petitioner and the person who wishes to proceed on his behalf. Additionally, the person wishing to appear as "next friend" must pay the filing fee or submit a motion to proceed in forma pauperis.

Accordingly, it is **ORDERED**:

1. The clerk shall send to Oswaldo and Myriam Perez a form for use in habeas cases filed under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis form for use by non-prisoners. This case number shall be written on the forms.

2. Within **THIRTY (30) DAYS** of the date of docketing of this order, the filing fee of $5.00 or a fully completed application to proceed in forma pauperis shall be filed. Also within that time, an amended petition submitted on the court form shall be filed.

3. If the court does not receive the amended petition and the filing fee or in forma pauperis motion within that time, this case may be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 23rd day of June 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:08cv245/LAC/EMT