IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MYRIAM PEREZ, as Next Friend for
RICHARD ROBERTS,
    Petitioner,

vs.                                        Case No. 3:08cv245/LAC/EMT

FREDERICK B. DUNPHY, CHAIRMAN,[1]
    Respondent.
_____/

**O R D E R**

    Petitioner Perez, as next friend for Richard Roberts, has filed a third amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 16).  Petitioner also filed a "Motion for Perdon [sic]" and exhibits (Doc. 17).  The "Motion for Perdon," merely reasserts the facts and claims set forth in the habeas petition; therefore, the clerk will be directed to recharacterize the motion as a supporting memorandum instead of a motion.  Additionally, the clerk shall change the docket to reflect that the amended habeas petition filed on August 14, 2008 (Doc. 16) is actually the <u>third</u> amended petition (*see* Docs. 1, 10, 14, 16), and that Frederick B. Dunphy has succeeded Monica David as Chairman of the Florida Parole Commission.

    Respondent will be required to file an answer so the court may determine whether an evidentiary hearing is required or, if not required, may dispose of the petition as justice requires. *See* Rule 8(a), Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules). The answer shall be filed pursuant to Habeas Rule 5 and shall be styled as an answer rather than as a motion to dismiss or for summary judgment, unless it appears to Respondent that a motion to

---

[1]Frederick B. Dunphy succeeded Monica David as Chairman of the Florida Parole Commission, and therefore, is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

dismiss based on a procedural defect such as failure to exhaust or the statute of limitations is appropriate.  McBride v. Sharpe, 25 F.3d 962, 970 (11th Cir. 1994).

As provided by Rule 5, the answer shall respond to the allegations of the petition, state whether Petitioner has exhausted his state remedies, and attach such portions of the transcripts as Respondent deems relevant.  *See* Rule 5(b–d), Habeas Rules.  If Respondent's answer requires the submission of materials outside the state court record, he shall file a motion to expand the record, pursuant to Rule 7.  *See* Rule 7, Habeas Rules.

If Respondent raises the defense of failure to exhaust as to any claim, he may file an appropriate motion and shall set forth as to each such claim the appropriate manner of raising the claim under Florida law, whether Petitioner has sought such relief, and, if not, what further relief is available for purposes of § 2254(c).  *See* Rule 5, Habeas Rules; § 2254; 28 U.S.C. § 2254(b)–(c).  If further relief is not available in the state courts, the appropriate defense is procedural default, not failure to exhaust, which should be asserted in Respondent's answer, not in a motion to dismiss.  If an exhaustion argument is raised by motion, Respondent may await a ruling on that defense before filing an answer on the merits.

Alternatively, Respondent may proceed directly to the merits.  *See* § 2254 (b)(2) (the application may be denied on the merits notwithstanding the failure to exhaust state remedies); § 2254(b)(3), *as amended* April 24, 1996 (the exhaustion requirement is not deemed to be waived unless expressly waived by counsel for the state).

The answer shall be filed within sixty (60) days from the date this order is docketed. Thereafter, Petitioner will be given the opportunity to file a reply.  Upon receipt of the answer and Petitioner's reply, the court will review the file to determine whether an evidentiary hearing is required.  An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court.  If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires pursuant to Habeas Rule 8(a).

Accordingly, it is **ORDERED**:

Case No.:  3:08cv245/LAC/EMT

1.      The Clerk shall change the docket to reflect that the amended habeas petition filed on August 14, 2008 (Doc. 16) is actually the <u>third</u> amended petition, and the Clerk shall recharacterize Petitioner's "Motion to Perdon" (Doc. 17) as a memorandum in support of the third amended petition.  Additionally, the Clerk shall change the docket to reflect that Frederick B. Dunphy, Chairman of the Florida Parole Commission, is the sole Respondent in this action.  The Clerk shall furnish a copy of the third amended petition and supporting memorandum with a copy of this order to Respondent at Florida Parole Commission, Attn. General Counsel, 2601 Blair Stone Road, Building C, Tallahassee, FL 32399-2450.

2.      Respondent shall have **SIXTY (60) DAYS** from the date this order is entered on the docket in which to file an answer as directed by this order.

**DONE AND ORDERED** this <u>14th</u> day of August 2008.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:08cv245/LAC/EMT