IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MYRIAM PEREZ, as next friend for
RICHARD ROBERTS, #098865,
    Petitioner,

vs.                                    Case No.: 3:08cv245/LAC/EMT

FREDERICK B. DUNPHY, CHAIRMAN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Respondent's motion to dismiss the third amended habeas petition, filed under 28 U.S.C. § 2254, for failure to exhaust state court remedies (Doc. 22). Petitioner was provided an opportunity to respond to the motion (*see* Doc. 23), but declined to do so.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion should be granted, and the petition should be dismissed.

This habeas action was initiated on June 12, 2008, with the filing of a petition for writ of habeas corpus captioned for the Circuit Court in and for Santa Rosa County, Florida (Doc. 1). The petition was signed by Richard Roberts, and the certificate of service indicated that the petition was mailed from the Santa Rosa Correctional Institution on May 6, 2007, over one year prior to the date of filing in federal court (*id.*). The federal petition was accompanied by a request from Oswaldo and Myriam Perez that all information regarding Petitioner be sent to their home in Tampa, Florida (*see*

Doc. 1, attached statement from Oswaldo and Myriam Perez).  The postmark on the envelope in which the petition was mailed confirmed that it was posted in Tampa, Florida.  Other attachments to the petition indicated that Petitioner had suffered a stroke and was in critical condition in the intensive care unit of a hospital, apparently unable to speak, move, or recognize people (*see* Doc. 1, attached statements by Charlie Vicens and Gloria Eagan).  The Florida Department of Corrections (DOC) website confirmed that Petitioner was no longer incarcerated and had been released on conditional release supervision on January 1, 2008.  *See* http://www.dc.state.fl.us/InmateInfo/InmateInfoMenu.asp (search "All Corrections Offender Databases" for DC Number "098865").  Because it appeared that Mr. and Mrs. Perez were attempting to obtain relief on Mr. Roberts' behalf, the court advised them of the legal standard for establishing standing to proceed as next friend for Mr. Roberts (*see* Doc. 4 at 3).[1]  In response, Ms. Perez submitted documentation from Ms. Moira M. Boyd, a licensed clinical social worker, stating that Petitioner was admitted to St. Joseph's Hospital on May 20, 2008, with a catastrophic condition and was seriously ill (*see* Doc. 10, attachment).  Ms. Boyd further stated that Mr. Roberts was in intensive care and was unable to manage his own affairs or sign paperwork, and he would be disabled for "an indefinite period of time" (*id.*).  Additionally, Ms. Perez submitted her own statements stating that she has known Petitioner for over thirty (30) years, he is like a brother to her, and his mother is deceased (*see* Doc. 1, attachment; Doc. 10, attachment), and one of the claims in the third amended petition states that Petitioner has no family in the United States (*see* Doc. 16 at 5).  The court provisionally allowed Ms. Perez to proceed as Petitioner's next friend, but specifically stated that in doing so, the court was not foreclosing Respondent from challenging Ms. Perez's standing (*see* Doc. 13).

The court directed service of the third amended petition on the Chairman of the Florida Parole Commission (Commission) as Petitioner was under conditional release supervision, which is administered by the Commission, and was seeking release from such (*see* Doc. 18; *see also* Doc. 13).  The Commission filed the instant motion to dismiss the petition for failure to exhaust state

---

[1]The court advised Ms. Perez that at least two prerequisites must be satisfied for "next friend" standing:  (1) she must provide an adequate explanation, such as inaccessibility, mental incompetence, or other disability, why Mr. Roberts could not appear on his own behalf, and (2) she must submit some proof of a significant relationship with Mr. Roberts and state whether a family member was available to proceed on his behalf (Doc. 4 at 3–4).

Case No:  3:08cv245/LAC/EMT

court remedies (Doc. 22). Alternatively, the Commission requests that the court deny the petition because it fails to assert any violation of federal law (*id.*).

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." Picard, 404 U.S. at 277–78; Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276 74 L. Ed. 2d 3 (1982). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (citing 28 U.S.C. § 2254(c)). Failure to exhaust is proper grounds for dismissal of the petition. Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992).

In the instant case, the third amended petition includes the following claims:

> Ground one: He is going through a very tough period; his health is very critical. He has [sic] 2 strokes, grangreene [sic], dyalysis [sic] and still need [sic] two more surgeries.

> Ground two: He will be incapacitated for a long time and there are only 13 months left [on his conditional release supervision]. In this time he is not a danger to society or nobody [sic].

---

[2]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Case No: 3:08cv245/LAC/EMT

>Ground three: I truly believe that only thing [sic] he wants to do is help others through God. He wants to serve God, and have time to attend prayer groups during evenings.

>Ground four: He has no family in U.S. and the person willing to take care of him lived on Pasco [sic]. The hospital, therapies, and medical appointment are [sic] in others [sic] countys [sic] like Hillsborough, Pinelas [sic].

(Doc. at 4–5). As relief, Petitioner seeks release from conditional release supervision (*id.* at 6).

Petitioner concedes that he did not raise any of these claims in the state courts (*id.* at 4–5), and he has not disputed Respondent's position that his petition should be dismissed for failure to exhaust state court remedies. Additionally, although Petitioner apparently filed a habeas petition in the Circuit Court for Santa Rosa County Florida on May 6, 2007 (*see* Doc. 1), Petitioner asserted very different claims than those raised in the instant petition.[3] Because it is plainly evident that Petitioner failed to satisfy the exhaustion requirement prior to the filing of the instant federal habeas action, the petition should be dismissed without prejudice to Petitioner's re-filing once his state court remedies are exhausted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 22) be **GRANTED**.

2. That this case be dismissed without prejudice for Petitioner's failure to exhaust state remedies pursuant to 28 U.S.C. § 2254(b).

At Pensacola, Florida, this 27th day of January 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In the state habeas petition, Petitioner challenged his incarceration in the Florida Department of Corrections (DOC) on the ground that the DOC improperly calculated his sentence, and he was entitled to immediate release (Doc. 1).

Case No: 3:08cv245/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**